```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH JEAN BAPTISTE,

                    Plaintiff,
                                            MEMORANDUM & ORDER
         -against-                          15-CV-0870(JS)(AYS)

NASSAU COUNTY JAIL and NASSAU
COUNTY CORRECTIONAL FACILITY,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Joseph Jean Baptiste, pro se
                    14002725
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On February 17, 2015, incarcerated pro se plaintiff Joseph Jean Baptiste ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Jail and the Nassau County Correctional Facility (together, "the Jail" or "Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against

Defendant and WITH LEAVE TO FILE AN AMENDED COMPLAINT as set forth herein pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief Complaint alleges the following facts in their entirety:[2]

> On December 9 - 2014 at 1:15 pm it was rainning day some much water from the roof to the floor. I slipt on the pool of water. I hurt my back in the proces coming down to the floor. I hurted my shoulder, and my leg. Coming the water that was in the floor. I told the Officer Merchant saw it about it they made the incident report and the send me to medical by the officer Papka #2589 and signed by Corpot Bertini. From that day I had lot of pain in my back, my leg and shoulder in the dorm.

(Compl. ¶ IV.) As a result, Plaintiff claims to have suffered a "[b]ack injury, shoulder injury, leg effect and also my spinal cord." (Compl. ¶ IV.A.) Plaintiff claims to have received unspecified "medication" including muscle relaxers and Ben-Gay. (Compl. ¶ IV.A.) However, Plaintiff complains that he wanted an MRI "to see what is wrong with my back" but that "they do not send me to MRI yet." (Compl. ¶ IV.A.) For relief, Plaintiff seeks to recover a monetary award in the sum of one million dollars.

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The excerpts from the Complaint are reproduced here exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected or noted.

(Compl. ¶ V.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> 28 U.S.C. § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d

4

217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claim Against the Jail

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] of the . . . County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's claim against the Jail is not plausible because the Jail has no legal identity separate and apart from Nassau County. Accordingly, this claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

However, given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court next considers whether he has alleged a plausible Section 1983 claim against the municipality, Nassau County. For the reasons that follow, the Court finds that he has not.

B. Claim as Construed Against Nassau County

It is well-established that a municipality such as Nassau

5

County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)). "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the

6

municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Since Plaintiff's Complaint does not allege a plausible Section 1983 claim as construed against Nassau County., the Complaint, as construed against Nassau County, is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

C. Inadequate Medical Care Claim

Affording the pro se Complaint a liberal construction, it appears that Plaintiff seeks to allege an inadequate medical care claim arising from the failure to send Plaintiff for an MRI of his back. (Compl. ¶¶ IV and IV.A.) Such claim, as alleged, is implausible for the reasons that follow.

"To establish an Eighth Amendment[3] violation arising out

---

[3] Plaintiff does not allege whether he is a convicted prisoner or a pretrial detainee. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from inadequate medical care while the Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment in the form of inadequate medical care. Burks v. Nassau Cnty. Sheriff's Dep't, 288 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2013). Such distinction is of no moment because the standard for analyzing each claim is the same. Id. at 302 (citation omitted); see also Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under

7

of inadequate medical treatment, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (alteration in original) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)). "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a sufficiently serious injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. (internal quotation marks and citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. The United States Supreme Court has stated that the subjective element "'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. (elipsis and alteration in original) (citing Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994)).

Here, as is readily apparent, Plaintiff has wholly failed to allege any "acts or omissions sufficiently harmful to evidence the deliberate indifference" standard. Estelle, 429 U.S. at 106. Accordingly, Plaintiff has not alleged a plausible inadequate

---

the Eighth or Fourteenth Amendment.").

medical care claim and it is thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    D.  Negligence

Even if Plaintiff were to name a proper defendant, it is clear that his slip and fall claim does not implicate a constitutional deprivation. Plaintiff claims that he slipped on water on the floor and fell. At best, Plaintiff has alleged a negligence claim. Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662, 664 (1986) (negligence claims do not rise to the level of a constitutional violation); Carr v. Canty, 10-CV-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [ ] alleges that the individual defendants had notice of the wet condition but failed to address it.'") (elipsis and second alteration in original) (quoting Edwards v. City of New York, 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009)); see also Jennings v. Horn, 05-CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); Powers v. Gipson, 04-CV-6883L(P), 2004 WL 2123490, at *2 (W.D.N.Y. Sept. 14, 2004) (sua sponte dismissing in forma pauperis complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent

9

in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983").

Having dismissed Plaintiff's federal claims, Plaintiff's common law negligence claim is DISMISSED WITHOUT PREJUDICE. Such claim is properly brought in state court. See Sylla v. City of New York, 04-CV-5692, 2005 WL 3336460, *8 (E.D.N.Y. Dec. 8, 2005) (citing Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (alteration in original).

V. Leave to Amend

Given the Second Circuit's guidance that a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 14-CV-0870(JS)(AYS).** Plaintiff is cautioned that an Amended Complaint completely replaces the original Complaint. Therefore, all claims and

allegations Plaintiff wishes to pursue should be included in the Amended Complaint. Alternatively, Plaintiff may pursue his common law negligence claim in state court.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the Nassau Jail for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 15-CV-0870(JS)(AYS). Alternatively, Plaintiff may pursue his common law negligence claim in state court.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

11

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __23__, 2015
       Central Islip, New York